```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF PENNSYLVANIA

CHARLES ISAAC RICHARDS        )
                              )
            Petitioner,       )   Civil Action No. 06-578
                              )
     v.                       )   Judge Thomas M. Hardiman
                              )
COMMONWEALTH OF PENNSYLVANIA, )
et al.,                       )
            Respondents.      )
```

## OPINION

Charles Isaac Richards (Richards) petitions this Court seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 with respect to a state court conviction the sentence for which has long since expired. What Petitioner Richards truly intends is to challenge the use of his state court conviction as a basis for deportation proceedings which were pending when this petition was filed. The Court will deny the petition both because Petitioner has, in fact, been deported, and because, as the Commonwealth argues in its response (Doc. 15), the petition is untimely. The Court will also deny Petitioner's motion seeking to stay his deportation until the conclusion of these proceedings (Doc. 7).

1. **Procedural history**.

Richards is a native and citizen of Jamaica. He was illegally present in the United States when, on October 9, 2001, he pleaded guilty in the Allegheny County Court of Common Pleas to possession of cocaine in violation of 35 Pa.C.S. §780-

113(a)(16), and possession of a marijuana in violation of 35 Pa.C.S. §780-113(a)(31). The Honorable Robert E. Dauer sentenced Richards to thirteen months probation without verdict pursuant to 35 Pa.C.S. §780-117 and he did not file a direct appeal. In fact, Richards took no action on his state court conviction until July 22, 2004, when he filed a pleading which the state court interpreted as a petition for relief under the Post Conviction Relief Act ("PCRA")42 Pa.C.S. §9541, *et seq.*(Doc. 15, Exhibit 1). This petition was denied by the state court as being untimely (Doc. 15, Exhibit 5). The Superior Court of Pennsylvania affirmed the denial of PCRA relief on March 8, 2006, also on the basis that the petition was not timely filed (Doc. 15, Exhibit 8).

Petitioner filed this petition on March 21, 2006, in the United States District Court for the Eastern of Pennsylvania[1]. The Honorable Mary A. McLaughlin entered an order on March 27, 2006, transferring the case to this Court because Petitioner's sentence was imposed in Allegheny County, which is located in the

---

[1] Petitioner raises six claims of ineffective assistance of trial counsel. Petitioner complains that counsel: (1) failed to move to dismiss for violation of a state rule requiring trial within 180 days; (2) advised Petitioner there would be no adverse immigration consequences from his plea; (3) failed to advise him of his right to allocution at sentencing; (4) failed to move to dismiss under a Rule 600 (requiring trial within 180 days); (5) failed to file a direct appeal; and (6)failed to raise claims of ineffective assistance on appeal or in PCRA proceedings. Petitioner also asserts that the trial judge failed to conduct a sufficient colloquy prior to accepting his plea. (Doc. 9 at 8).

Western District of Pennsylvania[2].  The case was received in this Court on May 2, 2006.  Petitioner has since amended his petition (Doc. 9).

The reason for Petitioner's belated interest in appealing his state court conviction is that, on April 11, 2004, long after his Pennsylvania sentence of probation had expired, Immigrations and Customs Enforcement ("ICE") commenced removal proceedings against Petitioner by service of a Notice to Appear. (See Richards v. The District Director for I.C.E., et al., Civil Action No. 05-1592 (E.D. Pa.) (Doc. 6, Ex. A)). The notice to appear charged that Richards was removable because, *inter alia*, he is an alien who has been convicted of, or admitted to committing, a crime related to a controlled substance. 8 U.S.C. §212(a)(2)(A)(i)(II).  An immigration judge found Richards removable as charged, and ordered him removed to Canada, and should Canada fail to accept him, to Jamaica.

On November 23, 2004, the Board of Immigration Appeals affirmed.  In December 2004, Petitioner filed a petition for writ

---

[2] The venue statute applicable to habeas corpus petitions is 28 U.S.C. §2241(d), which provides that concurrent jurisdiction over habeas petitions is shared by "the district court for the district wherein such person is in custody" and "the district court for the district within which the State court was held which convicted and sentenced him. . . ."  Further, the matter may be transferred from one such district to the other "in the exercise of its discretion and in furtherance of justice . . .." Id.  At the time the instant petition was filed, Petitioner was being held at the York County Prison, located within the Eastern District of Pennsylvania, but his conviction occurred and his sentence was imposed within this District, hence the transfer.

of habeas corpus under 28 U.S.C. §2241 in the United States District Court for the Middle District of Pennsylvania challenging his removal. Richards v. District Director of I.C.E., Civil Action No. 04-2682 (M.D. Pa.). The district court dismissed the petition on the merits, and, on January 29, 2005, Richards appealed to the United States Court of Appeals for the Third Circuit at Civil Action No. 05-1305.

In the meantime, on April 7, 2005 and while the appeal from the Middle District Court's decision was pending in the Third Circuit Court, Richards filed a habeas petition in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §2241 in which he once again challenged his removal. Richards v. District Director for I.C.E., Civil Action No. 05-1592 (E.D. Pa). The District Court transferred the case to the Third Circuit Court of Appeals pursuant to the newly enacted Real ID Act of 2005, §106(c), Pub.L.No. 109-13, Div.B, 119 Stat. 231 (May 11, 2005).³

The transfer from the Eastern District was docketed in the Court of Appeals at 05-3129. Because each of Richards' pending appeals challenged his removal, the Court of Appeals consolidated

---

³   The Real ID Act amended the judicial review statute of the Immigration and Nationality Act to strip district courts of jurisdiction over habeas petitions filed by criminal aliens such as Richards, seeking review of final orders of removal. 8 U.S.C. §1252(a)(2)(C). Jurisdiction over final orders of removal now lies exclusively in the courts of appeals pursuant to a petition for review. Id. §1252(a)(1) and (5).

them as a single petition for review.

On September 21, 2005, the Court of Appeals denied the petition for review. The Court of Appeals held that the term "conviction" as defined in 8 U.S.C.§1101(48)(a)(A) encompasses the sentence of probation and that the Board of Immigration did not err when it ordered his removal as an alien convicted of a controlled substance violation.

On December 4, 2006, Immigrations and Customs Enforcement informed the Court that Mr. Richards was, in fact, deported from the United States on May 19, 2006, seventeen days after the file was received in this Court.

## 2. **Analysis**.

The first question presented is whether Petitioner met the "in custody" requirement of §2254 at the time this petition was filed.[4] Petitioner's state court sentence expired in December, 2002, long before he first sought to challenge his conviction, and long before he was detained during the course of deportation proceedings. However, the Court of Appeals has held that a prisoner does meet the "in custody" requirement for purposes of habeas relief where it is alleged that the prisoner is subject to

---

[4] 28 U.S.C. §2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

deportation as a collateral consequence of his underlying conviction. United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988); but see, Evola v. Carbone, 365 F. Supp.2d 592 (D. N.J. 2005)(questioning whether federal prisoner released from sentence is still "in custody" where prior conviction is now the basis for deportation proceedings). Therefore, Petitioner meets the "in custody" requirement for purposes of filing the instant petition.

Petitioner's ability to satisfy the "in custody" requirement of §2254, though, does not end the inquiry. Article III, §2 of the Constitution limits the jurisdiction of the federal courts to actual "cases or controversies." This is a "bedrock requirement" and requires that litigants establish that they have proper "standing" to sue. Raines v. Byrd, 521 U.S. 811, 818 (1997) (internal citations omitted). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624(1982). The constitutional minimum of standing contains three elements, only the third of which is relevant here. It must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). Put another way, to meet the standing requirements of Article III, a plaintiff must allege

personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Raines, 521 U.S. at 818 (quotation omitted).

In this case, even if the Court granted habeas relief with respect to Petitioner's state court conviction, this would have no effect on Petitioner's deportation, which has already occurred. Hence, this case has become moot by events. See Lindaastuty v. Attorney General, 186 Fed.Appx. 294 (3d Cir., June 28, 2006)(alien's challenge to deportation proceedings mooted by deportation prior to decision).

Furthermore, and in any event, Richard's petition is untimely under the applicable one-year limitations period, and his claims are barred under AEDPA. The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>     made retroactively applicable to cases on
>     collateral review; or
>
> (D) the date on which the factual predicate
>     of the claim or claims presented could have
>     been discovered through the exercise of due
>     diligence.
>
> (2) The time during which a properly filed
>     application for State post-conviction or
>     other collateral review with respect to the
>     pertinent judgment or claim is pending shall
>     not be counted toward any period of
>     limitation under this subsection.

28 U.S.C. §2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Here, the record reflects that Petitioner's right to file a direct appeal from the judgment of sentence expired on November 9, 2001. Thus, his conviction became final at that time. <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a

judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). Richard's federal habeas petition was not received until March 21, 2006, more than four years after his conviction became final, and more than three years after the expiration of the limitations period. Accordingly, the Court must determine whether Richards can take advantage of the "tolling" provision in section 2244(d)(2).

As stated above, Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). Here, Richards did not file his PCRA petition until July 24, 2004, when the limitations period had already long since expired. Thus, tolling is not an issue in this case.[5]

Nothing in the record indicates that Richards is entitled to take advantage of any of the exceptions to the one-year

---

[5] Petitioner's PCRA petition, having been denied by the state courts as untimely, would not have tolled the limitations period in any event. "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of 28 U.S.C. §2244(d)(2)." Pace v. DiGuglielmo, --- U.S. ---- 125 S.Ct. 1807, 1812, reh'g denied, --- U.S. ----, 125 S.Ct. 2931, 162 L.Ed.2d 880 (2005) (internal editing and quotations omitted); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003)(collateral attack which is filed out of time and is dismissed as time-barred is not a properly filed application, and does not toll the limitations period).

limitations period. Specifically, he has failed to show that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(C-D).

Finally, there is no indication that the doctrine of equitable tolling should be applied here. The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). The record does not reflect any extraordinary circumstances beyond Richard's control that account for his failure to have filed his habeas petition in a timely manner.

Petitioner's motion for stay of deportation (Doc. 7) must be denied. First, this Court lacks jurisdiction to "hear any cause

or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). A request for a stay of deportation clearly is directed at the execution of the execution of the order of deportation and, hence, is beyond this Court's jurisdiction. Id.; Naidoo v. I.N.S., 39 F. Supp.2d 755, 762 (W.D. La. 1999). Second, the motion is now moot because Petitioner has been deported.

An appropriate Order follows.

*Thos M. Hardiman*

THOMAS M. HARDIMAN
UNITED STATES DISTRICT JUDGE

cc: Charles Isaac Richards
    829 Southern Boulevard
    Apartment 1F
    Bronx, NY 10459[6]

    Rusheen R. Pettit, Esquire
    Assistant District Attorney
    401 Allegheny County Courthouse
    Pittsburgh, PA 15219

---

[6] Petitioner did not provide the Court with a forwarding address after his deportation. Hence, the Court will send a copy of this Opinion to his last known address.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISAAC RICHARDS | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 06-578 |
| | ) | |
| v. | ) | Judge Thomas M. Hardiman |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| et al., | ) | |
| Respondents. | ) | |

## ORDER OF COURT

AND NOW, this 5th day of December, 2006,

IT IS HEREBY ORDERED that the instant petition for writ of habeas corpus is DISMISSED, and a certificate of appealability is DENIED.

IT IS FURTHER ordered that the "Motion to Stay Deportation Pending the Outcome of this Litigation" filed by Petitioner (Doc. 7) is DENIED.

*(signed)* Thos. M. Hardiman
_____
THOMAS M. HARDIMAN
UNITED STATES DISTRICT JUDGE